United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CERTIFIED PARKING ATTENDANTS, LLC,<br><br>    Debtor.<br>_____<br>JAMES ROBERT MORTLAND III, ET AL.,<br><br>    Appellants,<br><br>  v.<br><br>CERTIFIED PARKING ATTENDANTS, LLC,<br><br>    Appellee.<br>_____/ | No. C 11-00746 JSW<br>No. C 11-00747 JSW<br>    (consolidated)<br><br><br>Chapter 11 Case No. 10-12513 AJ<br><br><br>**ORDER REGARDING BANKRUPTCY APPEAL** |

    Now before the Court is the appeal filed by the Creditors and Appellants James Robert Mortland, III ("Mortland"), John Curry ("Curry"), Monroe Timothy Sonnenberg ("Sonnenberg"), Robert Sonnenberg, Tyler Jensen, Ryan Walker, and Sean Walker (collectively, "Appellants") of the bankruptcy court's order on the motion for estimation of priority claims entered on January 26, 2011 and the order confirming the Chapter 11 Plan entered on January 28, 2011. Pursuant to Civil Local Rule 16-4, the Court deems this case submitted on the papers without oral argument. Having carefully reviewed the administrative record and considered the parties' papers, their arguments and the relevant legal authority, and good cause appearing, the Court hereby AFFIRMS the bankruptcy court's orders.

**BACKGROUND**

On December 17, 2010, Debtor and Appellee Certified Parking Attendants, LLC ("Debtor") filed a motion for estimation of priority claims. Debtor argued that Mortland, Curry, and Sonnenberg (collectively, "Employee Creditors") were not employed by Debtor within 180 days of when the bankruptcy petition was filed and, thus, did not earn any wages within that time period. Therefore, pursuant to 11 U.S.C. § 507(a)(4)(A), their Claim No. 3-1 is not a valid priority claim. (Appellee's Excerpts of Record ("ER"), Ex. 8.) Debtor further argued that Creditor Employees failed to set forth the amount of their purported priority claim. (*Id*.) Employee Creditors opposed the motion to expunge, arguing that they amended their claim on December 17, 2010, to assert a priority claim in the amount of $1,649,169.76. (*Id*., Ex. 12.) Employee Creditors argued that this sum "represents the wages and salary owed during the six (6) months prior to the filing of the bankruptcy case." (*Id*.)

On January 14, 2011, the bankruptcy court heard the motion for estimation of priority claims. (ER, Ex. 15.) At the hearing, the bankruptcy court explained that if it was true that the Employee Creditors, as the proposed representatives of the class, do not themselves have a priority claim, then the court would estimate their priority claim as zero. (*Id*. at p.8.) Employee Creditors' counsel conceded that fact. Therefore, the bankruptcy court granted the Debtor's motion and estimated their priority claim at zero. (*Id*.; *see also* ER, Ex. 18.)

On December 23, 2010, Debtor also filed a motion to expunge Employee Creditors' claim on the grounds that the claim purports to be a class claim, but Employee Creditors failed to comply with Federal Rules of Bankruptcy Procedure 7023 and 9014 ("Rule 7023" and "Rule 9014"). Debtor stated that the only claim filed on behalf of Debtor's employees was the Employee Creditors' claim. Debtor argued that Employee Creditors' claim purports to be a claim on behalf of a class, but they failed to obtain authority to file a class claim. (ER, Ex. 10.) According to Debtor, Employee Creditors failed to file a motion under Rule 9014 requesting that Rule 7023 be made applicable to the bankruptcy proceeding, which in turn, allows Federal Rule of Civil Procedure 23 ("FRCP 23") to apply. (*Id*.) Because the claims bar date had expired, Debtor moved to expunge the purported class claim. (*Id*.) Employee Creditors

2

1  opposed Debtor's motion to expunge their class claim. (ER, Ex. 14.) They argued that the
2  bankruptcy court had authority under FRCP 23, as incorporated by Rule 7023, to certify their
3  class. They noted that on January 3, 2011, they filed a motion for relief from the stay in the
4  bankruptcy action to return to state court to obtain certification of their class. They stated that,
5  in the event the bankruptcy court did not grant relief from the stay, they would then request the
6  court to certify their class claim. (*Id*.) The bankruptcy court granted the motion to expunge the
7  purported class claim with leave to amend to state individual claims. (ER, Ex. 16 at pp. 6-7.)

On January 7, 2011, Employee Creditors filed an objection to Debtor's Chapter 11 Reorganization Plan. They objected on the grounds that the Plan does not provide for full payment of the class claim, but only allows for the payment in full by any individual claims filed by employees. (ER, Ex. 13.)

On January 28, 2011, the bankruptcy court issued an order confirming the Chapter 11 Plan. (ER, Ex. 19.) The order specified that the confirmation "shall not be the basis of prejudice to the estate or creditors in relation to any amendment of Claim 3-1 filed by [Employee Creditors]." (*Id*.)

Employee Creditors now appeal the bankruptcy court's orders estimating their priority claim at zero and confirming the Chapter 11 Plan. They argue that the bankruptcy court erred in finding that Rule 7023 (class claim certification) did not apply. (ER, Ex. 23.)

## ANALYSIS

**A.     Standard of Review of Bankruptcy Court's Judgment.**

District courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges. 28 U.S.C. § 158. On appeal, a district court must review a bankruptcy court's findings of fact under the clearly erroneous standard and its conclusions of law de novo. Fed. R. Bankr. P. 8013; *see also In re Healthcentral.com*, 504 F.3d 775, 783 (9th Cir. 2007). The test for clear error is not whether the appellate court would make the same findings, but whether the reviewing court, based on all of the evidence, has a definite and firm conviction that a mistake has been made. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985). A reviewing court may not overturn a decision, even if it would have weighed the

3

evidence in a different manner, so long as the trial court's view of the evidence is plausible in light of the entire record. *Id.* at 573-74. In applying the clearly erroneous standard, the appellate court views the evidence in the light most favorable to the party who prevailed below. *Lozier v. Auto Owners Ins. Co.*, 951 F.2d 251, 253 (9th Cir. 1991).

**B. The Bankruptcy Court Did Not Err.**

Debtor argues that the facts founds by the bankruptcy court were as follows: (1) the Employee Creditors were not employed by the Debtor within the 180 day period before the bankruptcy petition was filed; and (2) the Employee Creditors failed to make a motion that Rule 7023 be made applicable to the contested proceeding pursuant to Rule 9014. Appellants do not address what facts the bankruptcy court found. Instead, without any citation to the record, Appellants argue that the bankruptcy court held that Rule 7023 did not apply in the Chapter 11 proceeding and this holding was error. Again, without any citation to the record, Appellants argue that "[a]t the hearing on the Motion under [Rule] 7023, the Bankruptcy Court ruled ... ." (Appellants Reply at 2.) However, upon review of the record, including the docket of the Chapter 11 proceeding, the Court finds that Appellants never filed a motion seeking to have Rule 7023 apply. Appellants do not contest that they were not employed by the Debtor within 180 days of the filing of the bankruptcy petition and, thus, do not have any priority claims.

Class claims, pursuant to FRCP 23, are permissible in bankruptcy court. *See In re Birthing Fisheries, Inc.*, 92 F.3d 939, 939-40 (9th Cir. 1996) (citing with approval *Reid v White Motor Corp.*, 886 F.2d 1462 (6th Cir. 1989) and *In re American Reserve Corp.*, 840 F.2d 487 (7th Cir. 1988)). Rule 9014 allows bankruptcy courts to apply Rule 7023, and thus FRCP 23, to contested matters. *See In re American Reserve Corp.*, 840 F.2d 487, 488 (7th Cir. 1988); *see also Mortland v. Aughney*, 2011 WL 2653515, *2 (N.D. Cal. July 6, 2011) ("a bankruptcy court has *discretion* to apply [FRCP] 23 via Rule 7023 via Rule 9014.") (emphasis in original).

However, in contested matters, such as the instant bankruptcy appeal, the proponent must seek to apply FRCP 23 through Rule 7023 by filing a motion under Rule 9014. *See Reid*, 886 F.2d at 1470-71 (holding that debtor who failed to timely petition the bankruptcy court to apply the provisions of Rule 9014 and Rule 7023 ignored a mandatory requirement essential to

filing a class claim in bankruptcy court); *see also In re Computer Learning Centers, Inc.*, 344 B.R. 79, 86 (E.D. Va 2006) ("The applicability of Rule 7023 is raised by motion."). In fact, Rule 9014 explicitly provides that "relief shall be requested by motion." Fed. R. Bankr. P. 9014. In the absence of any motion under Rule 9014 seeking to apply FRCP 23 through Rule 7023, the Court finds that bankruptcy court did not err in not allowing a class claim by Appellants. *See Mortland*, 2011 WL 2653515, *2 (holding that bankruptcy court did not err in exercising its discretion not to apply Rule 7023 and the failure of appellants to move the bankruptcy court to apply FRCP 23 was dispositive).[1]

## CONCLUSION

For the foregoing reasons, the Court HEREBY AFFIRMS the bankruptcy court's order on the motion for estimation of priority claims entered on January 26, 2011 and the order confirming the Chapter 11 Plan entered on January 28, 2011.

**IT IS SO ORDERED.**

Dated: February 16, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] Although Appellants filed a notice of appeal of the bankruptcy court's order on the motion for estimation of priority claims, Appellants do not present any arguments in support of this appeal. To the extent Appellants intended to argue that they should have been allowed to assert class action priority claims, such an argument would fail for the additional reason that lacking any priority claims themselves, Appellants would not satisfy the requirements of typicality or adequacy of representation under FRCP 23(a).

5